IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIAH BRADFORD, INDEPENDENT ADMINISTRATOR FOR THE ESTATE OF TERRANCE ARTHUR KIRK<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN ADVISORS GROUP, AVT TITLE SERVICES, LLC, A TEXAS LIMITED LIABILITY COMPANY, and CARRINGTON MORTGAGE SERVICES, LLC,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 5:23-cv-00661-JKP-RBF<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT CASE MANAGEMENT PLAN

Pursuant to this Court's *Order Regarding Certain Pretrial Matters* (ECF Doc. No. 6) (the "Order"), Plaintiff Mariah Bradford, Independent Administrator for the Estate of Terrence Arthur Kirk, Deceased ("Plaintiff") and Defendants American Advisors Group ("AAG"), Carrington Mortgage Services, LLC ("Carrington") and AVT Title Services LLC, a Texas Limited Liability Company ("AVT" collectively with Carrington and AAG "Defendants") file the following information in compliance with Federal Rule of Civil Procedure Rule 26(f) and Local Rule 26.1:

1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 at the time of removal. If there is any disagreement on these issues, each party should state its respective position.

**RESPONSE:** Jurisdiction is based on diversity. Plaintiff is a citizen of Texas. [*See* ECF No. 1 ¶7]. Defendant AAG is a citizen of California. *Id*. at ¶8. Defendant Carrington is a citizen of Delaware, Tennessee and Wyoming. *Id.* at ¶8*.* Defendant AVT is improperly joined and thus its citizenship should not be considered for diversity purposes *Id.* at ¶¶10-16. The Parties agree that the amount in controversy exceeds $75,000.00.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**RESPONSE:** All parties have been served.

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**RESPONSE:** Plaintiff brings claims for declaratory judgment, fraud, and seeks injunctive relief.

With respect to elements, Plaintiff in her declaratory judgment action asks the Court to declare that the reverse mortgage is void for lack of an authorized party, or alternatively, is void for impossibility of the requirement to insure a home that was declared uninsurable, or alternative, void for both reasons.

For fraud, the elements are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Defendants' position is that Plaintiff has not identified any material misrepresentations by Defendants or any reliance upon any alleged material misrepresentations.

4. Are there any agreements or stipulations that can be made about any facts in this case or any elements in the cause(s) if action?

**RESPONSE:** None at this moment.

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

**RESPONSE:** Please see the Proposed Agreed Scheduling Order submitted by the parties.

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**RESPONSE:** Discovery has not been started.

7. What, if any discovery disputes exist?

**RESPONSE:** None at this moment.

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**RESPONSE:** Not at this moment.

9. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

**RESPONSE:** The Parties attended mediation previously in the state court action but were unable to come to an agreement. They are hopeful that they can reach an agreement on their own early in the case without the need for mediation. Otherwise, the Parties agree that mediation would be appropriate at or around the close of the discovery period.

By: */s/ Nicholas M. Frame*
**Mark D. Cronenwett**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
**Nicholas M. Frame**
Texas Bar No. 24093448
nframe@mwzmlaw.com
**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
*Attorneys for Defendants*

_____

Charles W. Sullivan
308 Campbell Drive
Canyon Lake, Texas 78133
Tel. 830 899 3259
Fax. 210 579 6448
service@jonessullivan.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

       I do hereby certify that I have caused a copy of the foregoing to be delivered to the following in the manner described on this July 21, 2023

***Via Electronic Service***
Charles W. Sullivan
308 Campbell Drive
Canyon Lake, Texas 78133
Tel. 830 899 3259
Fax. 210 579 6448
service@jonessullivan.com
*Attorney for Plaintiff*

                                            */s/ Nicholas M. Frame*
                                            **NICHOLAS M. FRAME**

JOINT CASE MANAGEMENT PLAN
MWZM: 19-000369-220    Page 4